**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

---

| | |
|---|---|
| **ATHENA CONSTRUCTION GROUP, INC.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **WILLIAM SMITH III and** ) | Civil Action No. 1:21-cv-00396 (AJT/TCB) |
| **RE CONSTRUCTION, LLC** ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |
| ) | |

---

### AMENDED COMPLAINT

Plaintiff Athena Construction Group, Inc. ("Athena"), by counsel and for its Complaint against the Defendants states as follows:

### NATURE OF CASE

1.     This case arises out of Defendants' conspiracy, led by defendant Smith, to illegally, surreptitiously, and without authorization or in excess of authorization trespass upon, invade, and access Athena computers and/or computer networks for their own gain.

2.     Defendants' unlawful conduct includes multiple violations of the Computer Fraud and Abuse Act, 18 U. S. C. § 1030 *et seq.*; violations of the Virginia Computer Crimes Act, Va. Code § 18.2-152.1 *et seq.*; violation of the Virginia Uniform Trade Secrets Act, Va. Code § 59.1-336 *et seq.,* statutory business conspiracy, Va. Code §§ 18.2-499 and 18.2-500; and common law conspiracy.

## PARTIES

3.     Athena is a Virginia corporation with a principal place of business at 17877 Old Triangle Road, Triangle, Virginia 22172.

4.     Athena is an award-winning Service-Disabled Veteran-Owned, woman-owned, and socio-economically disadvantaged small business that provides general contracting and construction services for federal, state, and local governments and commercial entities.

5.     Defendant William Smith III is an individual who purports to reside at 814 Creek View Road, Severna Park, Maryland 21146.

6.     Smith was employed by Athena as Superintendent and Director of Operations from September 20, 2010 to January 18, 2016.

7.     Defendant RE Construction, LLC ("RE Construction") is a Maryland limited liability corporation, with a principal place of business at 814 Creek View Road, Severna Park, Maryland 21146.

8.     According to its Facebook page, RE Construction is a "full service commercial contractor."  RE Construction is a former subcontractor of, and direct competitor with, Athena.

9.     Upon information and belief, Smith is currently employed by RE Construction. Smith is the father-in-law of, and cohabitates with, the owner of RE Construction, Ralph Ellis.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U. S. C. § 1331 because this case arises under 18 U. S. C. § 1030 *et seq.* and 28 U.S.C. § 1332(a) as there exists complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  This Court has supplemental subject matter jurisdiction over the state law and common law claims pursuant to 28 U. S. C. § 1367(a).

11.     This Court may exercise personal jurisdiction over Smith pursuant to Va. Code Ann. § 8.01-328.1.A.3 because he has caused tortious injury in Virginia and § 8.01-328.1.B because he has used a computer or computer network located in Virginia.

12.     This Court may exercise personal jurisdiction over RE Construction pursuant to Va. Code Ann. § 8.01-328.1.A.1 because RE Construction transacts business in Virginia and § 8.01-328.1.A.3 because it has caused tortious injury in Virginia.

13.     Venue is proper in this District pursuant to 28 U. S. C. § 1391 because each Defendant is subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

**A.      Smith's Employment at Athena and Access to Confidential and Proprietary Information.**

14.     On September 20, 2010, Athena employed Smith as Superintendent and, later, as Director of Operations.  In both capacities, Smith had access to Athena confidential and proprietary information.

15.     Athena derives independent economic value from its confidential and proprietary information—which includes, but is not limited to, customer lists, pricing information, and marketing and sales techniques—that it has developed over time and at great expense.

16.     At all times relevant to this Complaint, Athena took, and continues to take, reasonable steps to maintain the secrecy of its confidential and proprietary information, including restricting access to the information to employees and agents of Athena who need access to perform their functions and services for Athena.

17.     Restrictions on access include, but are not limited to, using a password and authentication system and requiring confidentiality and non-disclosure agreements.

18.     Athena's confidential and proprietary information is not generally known or readily accessible by unauthorized individuals using proper means and this information would be of substantial economic value to Athena's competitors if it became known to them.

19.     On January 18, 2016, Athena terminated Smith from employment on the basis of poor performance.

20.     As of the date of his termination, Smith's authority to access or use Athena confidential and proprietary information ceased.

**B.      The Qui Tam Action and the "Found" Hard Drive.**

21.     On January 10, 2017, approximately one year after his termination from Athena, Smith filed a *qui tam* action against Athena in the U.S. District Court for the Middle District of Pennsylvania ("Qui Tam Action").

22.     On September 6, 2017, the U.S. Department of Justice declined to intervene in the Qui Tam Action.

23.     On November 21, 2017, Smith filed an Amended Complaint and, on August 29, 2018, the Qui Tam Action was transferred to the U.S. District Court for the District of Columbia, to be presided over by U.S. District Court Judge Amit Mehta.

24.     On September 28, 2018, Smith asked Judge Mehta, through counsel, for leave to file a Second Amended Complaint on the grounds that he had "found" a hard drive ("Hard Drive") that contained information belonging to Athena that he believed would provide the basis for new claims.

25.     According to Smith's counsel, Smith "discovered the hard drive as part of a cleaning out of certain parts of his home" and it was later determined that the Hard Drive "contained information that he was provided by Athena while he was employed there during a backing up of information that the company was doing on its computers."

4

26.     On October 22, 2018, Judge Mehta permitted Smith to file a Second Amended Complaint under seal to allow for review by the U.S. Department of Justice.

27.     On January 8, 2021, however, the Department of Justice again declined to intervene in the Qui Tam Action.

**C.     Athena Files a Conversion and Detinue Action to Recover the Hard Drive.**

28.     On November 13, 2019, Athena demanded that Smith return the "found" Hard Drive to Athena, based on Smith's representation that the Hard Drive had been provided to him by Athena during his employment.

29.     Smith refused to return the Hard Drive to Athena.

30.     Accordingly, on December 13, 2019, Athena filed an action for conversion and detinue in the Circuit Court for Prince William County seeking, among other things, the return of the Hard Drive ("Conversion/Detinue Action")

31.     On February 14, 2020, Smith and Athena resolved the Conversion/Detinue Action outside of court and, pursuant to this resolution, Smith surrendered the Hard Drive to Athena.

**D.     Athena Conducts a Forensic Analysis of the Hard Drive and Uncovers Defendants' Unlawful Acts.**

32.     Upon receiving the Hard Drive from Smith, Athena commissioned an independent expert forensic analysis.  This analysis resulted in the following findings:

        a.     The Hard Drive did not originate from Athena;

        b.     The Hard Drive contained over 13,000 Athena files ("Athena Files").
Many of the Athena Files comprised Athena confidential and proprietary information.  The Athena Files also included employment, salary, and

other financial and identifying information, such as payroll records
containing names and social security numbers;

c.    The Athena Files were copied to the Hard Drive from an external source
on January 25, 2016 and February 15, 2016—seven days and twenty-eight
days, respectively, *after* Athena terminated Smith's employment;

d.    The Hard Drive had been repeatedly accessed throughout 2016, 2017, and
2018; and

e.    In addition to the Athena Files, the Hard Drive also contained QuickBooks
backup data and "2017 Medical Dental Insurance" files belonging to RE
Construction, the last of which had been deleted from the Hard Drive on
April 2, 2018.

33.    Accordingly, contrary to Smith's January 28, 2018 statement to Judge Mehta in
the Qui Tam Action, the Athena Files were not "provided by Athena while [Smith] was
employed [at Athena] during a backing up of information that the company was doing on its
computers."

34.    Instead, Smith surreptitiously and unlawfully trespassed upon, invaded, and
accessed one or more of Athena's computers and/or computer networks on January 25, 2016, and
February 15, 2016, without authorization or in excess of authorization, copying the Athena Files
to the Hard Drive then in his possession.

35.    Smith committed this violation after his employment with Athena had been
terminated, after any authorization he may have had to access Athena's computers and computer
networks (and Athena confidential and proprietary information) also had been terminated, and in
breach of his severance agreement with Athena.

36.     Smith then disclosed the Hard Drive—and the over 13,000 Athena Files contained thereon—to RE Construction personnel, including, but not limited to, Ralph Ellis, owner of RE Construction and son-in-law of Smith.

37.     Smith's disclosure of the unlawfully-obtained Athena Files to RE Construction personnel is demonstrated in the use of the Hard Drive by RE Construction to store its own business files and data up to April 2, 2018.

38.     Upon information and belief, Smith committed these violations before becoming an employee of RE Construction or, if he was an employee of RE Construction when he committed these violations, his acts were outside the scope of his employment at RE Construction.

39.     In addition, on February 14, 2020, when Smith surrendered the Hard Drive to Athena pursuant to resolution of the Conversion/Detinue Action, the Hard Drive showed that it had been accessed as recently as February 13, 2020.

40.     Accordingly, RE Construction had access to the Athena Files for a period of over four years while in direct competition with Athena as a construction contractor and unlawfully benefited from the confidential, secret, and proprietary information contained therein.

41.     Moreover, at the time that Smith disclosed the Hard Drive to and shared the Athena Files with RE Construction personnel, Athena and RE Construction were engaged in active litigation in the form of binding arbitration, arising out of a business dispute concerning an Athena contract with the U.S. Department of Defense for which RE Construction had been a subcontractor.

42.     Upon information and belief, Smith and RE Construction—Smith's employer and whose owner, Ralph Ellis, is Smith's son-in-law and cohabitant—conspired, combined,

associated, agreed, mutually undertook, and acted in concert together to trespass upon, invade, and access Athena's computers and/or computer networks and the Athena Files contained therein.

43.     Defendants' conduct and actions described above have damaged Athena and injured Athena's economic interests in an amount to be proven at trial but in excess of two million dollars ($2,000,000.00).

44.     Defendants' conduct and actions described above were intentional, willful, wanton, malicious, oppressive, and in total disregard for the rights of Athena.

45.     Defendants' conduct and actions described above caused Athena to incur an aggregate loss of more than five thousand dollars ($5,000.00) in the cost of responding to the unauthorized access of its computers and computer networks and conducting a damage assessment, including, but not limited to, the cost of the forensic analysis described above, the purchase price of software and tools necessary for an internal investigation of the unauthorized access, the cost of security enhancements implemented to prevent future unauthorized access, and the value of employee time required for the investigation, response, and damage assessment.

46.     On March 1, 2021, Athena filed the initial Complaint in this action in the Circuit Court for Prince William County.

47.     On March 31, 2021, Defendants filed a Notice of Removal in the Circuit Court for Prince William County, thereby removing the action to this Court.

### COUNT I
### Violation of Computer Fraud and Abuse Act
### 18 U.S.C. § 1030 *et seq.*

48.     Athena incorporates the allegations of Paragraphs 1 through 47 as if fully restated herein**.**

49.     Athena's computers and computer networks are "protected computers" under the Computer Fraud and Abuse Act ("CFAA"), 18 U. S. C. § 1030(e)(2)(B) because they are used in or affect interstate or foreign commerce and communication.

50.     Defendants violated 18 U. S. C. §§ 1030(a)(2)(C), (a)(4) , and (a)(5)(C) by knowingly, intentionally, and with the intent to defraud, accessing Athena's computers and/or computer networks without authorization or in excess of authorization for the purpose of obtaining confidential and proprietary information and material belonging to Athena.

51.     As described above, Athena incurred an aggregate loss of more than five thousand dollars ($5,000.00) directly resulting from Defendants' unauthorized access of Athena computers and computer networks.

52.     18 U. S. C. § 1030(g) provides a private right of action for violations of the CFAA.

53.     Athena has been damaged by Defendants' unauthorized and wrongful conduct, as described above, and is therefore entitled to the relief provided in 18 U. S. C. § 1030(g), including actual damages in an amount to be proven at trial but in excess of sixty-six thousand dollars ($66,000.00).

### COUNT II
### Computer Fraud
### Va. Code § 18.2-152.3

54.     Athena incorporates the allegations of Paragraphs 1 through 53 as if fully restated herein.

55.     By the actions described above, Defendants fraudulently accessed and used Athena computers and/or computer networks with the intent of obtaining Athena's confidential

and proprietary information by false pretenses and/or converting the information in violation of Va. Code § 18.2-152.3.

56.    Defendants accessed and used Athena's computers and/or computer networks without authorization or in excess of authorization and knew or reasonably should have known that they had no right, agreement, or permission to do so.

57.    Athena has been damaged by Defendants' unauthorized and wrongful conduct, as described above, and is therefore entitled to the relief provided in Va. Code § 18.2-152.12, including actual damages in an amount to be proven at trial but in excess of sixty-six thousand dollars ($66,000.00) and the costs of suit.

**COUNT III**
**Computer Trespass**
**Va. Code § 18.2-152.4**

58.    Athena incorporates the allegations of Paragraphs 1 through 57 as if fully restated herein.

59.    By the actions described above, Defendants trespassed upon, accessed, and used Athena computers and/or computer networks without authorization or in excess of authorization to make or cause to be made an unauthorized copy of computer data—namely, the Athena Files—residing in, communicated by, or produced by Athena's computers in violation of Va. Code § 18.2-152.4.

60.    Athena has been damaged by Defendants' unauthorized and wrongful conduct, as described above, and is therefore entitled to the relief provided in Va. Code § 18.2-152.12, including actual damages in an amount to be proven at trial but in excess of sixty-six thousand dollars ($66,000.00) and the costs of suit.

**COUNT IV**
**Computer Invasion of Privacy**
**Va. Code § 18.2-152.5**

61.     Athena incorporates the allegations of Paragraphs 1 through 60 as if fully restated

herein.

62.     By the actions described above, Defendants invaded, accessed, and used Athena

computers and/or computer networks without authorization or in excess of authorization and

intentionally examined, without authorization or in excess of authorization, employment, salary,

and other financial and identifying information contained in the Athena Files in violation of Va.

Code § 18.2-152.5.

63.     Defendants knew or reasonably should have known that they had no right,

agreement, or permission to examine the Athena Files because they contained Athena

confidential and proprietary information; because the Athena Files were contained on a hard

drive in use by RE Construction, an Athena competitor; and because Defendants had unlawfully

trespassed upon, invaded, and accessed Athena's computers and/or computer networks on

January 25, 2016, and February 15, 2016, for the purpose of copying the Athena Files to the

Hard Drive then in possession.

64.     Athena has been damaged by Defendants' unauthorized and wrongful conduct, as

described above, and is therefore entitled to the relief provided in Va. Code § 18.2-152.12,

including actual damages in an amount to be proven at trial but in excess of sixty-six thousand

dollars ($66,000.00) and the costs of suit.

**COUNT V**
**Violation of Virginia Uniform Trade Secrets Act**
**Va. Code § 59.1-336 *et seq.***

65.     Athena incorporates the allegations of Paragraphs 1 through 64 as if fully restated herein.

66.     Athena's confidential and proprietary information, as described above, are trade secrets within the meaning of Va. Code § 59.1-336.

67.     At all times relevant to this Complaint, Athena took, and continues to take, reasonable measures to safeguard the confidential and secret nature of its trade secrets, for which independent economic value is derived from not being generally known or readily accessible by unauthorized individuals using proper means and the trade secrets would be of substantial economic value to its competitors if it became known to them.

68.     By engaging in the actions described above, Defendants intentionally, willfully, and maliciously acquired, disclosed, and used Athena's trade secrets through improper means, or with knowledge or reason to know that the trade secrets were acquired by improper means, in violation of Va. Code § 59.1-336 *et seq*.

69.     Athena has been damaged by Defendants' intentional, willful, and malicious misappropriation of Athena's trade secrets, through the unauthorized and wrongful conduct described above, and is therefore entitled to the relief provided by Va. Code §§ 59.1-338 and 338.1, including actual damages in an amount to be proven at trial but in excess of two million dollars ($2,000,000.00), punitive damages of two times Athena's actual damages (limited by statute to $350,000), costs, and reasonable attorneys' fees.

## COUNT VI
## Business Conspiracy
## Va. Code §§ 18.2-499 and 18.2-500

70.     Athena incorporates the allegations of Paragraphs 1 through 69 as if fully restated herein.

71.     Defendants conspired, procured, directed, participated in, caused, and otherwise engaged in the actions described in Counts I-V, above.

72.     Defendants are two or more persons who combined, associated, agreed, mutually undertook or acted in concert together within the meaning of Va. Code § 18.2-499.

73.     Defendants acted intentionally, willfully, and maliciously to injure Athena in its reputation, trade, business, or profession in total disregard for the rights of Athena.

74.     Athena has been damaged by Defendants' unauthorized and wrongful conduct, as described above, and is therefore entitled to the relief provided by Va. Code §§ 18.2-499(A) and 18.2-500, including actual damages in an amount to be proven at trial but in excess of two million dollars ($2,000,000.00), punitive damages of three times Athena's actual damages, costs, and reasonable attorneys' fees.

## COUNT VII
## Common Law Conspiracy

75.     Athena incorporates the allegations of Paragraphs 1 through 74 as if fully restated herein.

76.     Defendants conspired, procured, directed, participated in, caused, and otherwise engaged in the actions described in Counts I-V, above.

77.     Defendants are two or more persons who combined to accomplish the unlawful purposes described above by concerted action.

78.     Defendants acted intentionally, willfully, and maliciously to injure Athena in its reputation, trade, business, or profession in total disregard for the rights of Athena.

79.     Athena has been damaged by Defendants' unauthorized and wrongful conduct, as described above, and is therefore entitled to actual damages in an amount to be proven at trial but in excess of two million dollars ($2,000,000.00) and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Athena respectfully requests that this Court enter judgment in its favor and against each of the Defendants and prays that this Court:

1)      Award damages in an amount to be proven at trial but in excess of two million dollars ($2,000,000.00);

2)      Award punitive damages;

3)      Award the costs of this action and reasonable attorneys' fees and expenses;

4)      Award pre-judgment and post-judgment interest;

5)      Grant such other and further relief as the Court should deem just.

## JURY DEMAND

Athena hereby demands a trial by jury on all issues for which a trial by jury may be had.

Dated: April 16, 2021                    Respectfully submitted,
                                         Athena Construction Group, Inc.
                                         By Counsel

                                         Milton C. Johns, VSB No. 42305
                                         Craig A. Guthery, VSB No. 42821
                                         **Executive Law Partners PLLC**
                                         4000 Legato Road, Suite 1100
                                         Fairfax, VA  22033
                                         T: (571) 500-1010
                                         mjohns@xlppllc.com
                                         cguthery@xlppllc.com

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2021, the foregoing was filed via the CM/ECF

system and an electronic copy of Plaintiff's Amended Complaint was served on the following via

a notice of electronic filing (NEF):

Glenn Andrew Ellis, Esq.
Zachary Scott Feinberg, Esq.
Freiwald Law, P.C.
1500 Walnut Street
18th Floor
Philadelphia, PA 19102
gae@freiwaldlaw.com
*Counsel for William Smith*

Jeffrey John Downey, Esq.
Law Office of Jeffrey J. Downey PC
8270 Greensboro Drive
Suite 810
McLean, VA 22102
jdowney@jeffdowney.com
*Counsel for William Smith and RE Construction LLC*

                                                     /s/
                                              Milton C. Johns, VA Bar No. 42305
                                              D.D.C Attorney Number VA072
                                              Executive Law Partners, PLLC