# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| ATHENA CONSTRUCTION GROUP, INC.<br>　　Plaintiff,<br><br>v.<br><br>WILLIAM M. SMITH III and RE<br>CONSTRUCTION, LLC<br>　　Defendants | Civil Action No.: 1:21-cv-00396 |

## DEFENDANT RECONSTRUCTION'S MOTION FOR ATTORNEY FEES

Defendants William M. Smith III and RE Construction, by and through counsel, hereby respectfully move this Court to award attorney fees to RE Construction.

Support for an award of attorney fees is set forth in the accompanying Memorandum of Law, which is being filed simultaneous with this motion and is incorporated herein by reference.

Respectfully submitted,

s/Jeffrey J. Downey
JEFFREY J. DOWNEY, ESQUIRE
VA Bar Number #31992
The Law Office of Jeffrey J. Downey, P.C.
8270 Greensboro Drive, Suite 810
McLean, VA  22102
Phone: 703-564-7318
Fax: 703-883-0108
Email: jdowney@jeffdowney.com

FREIWALD LAW
Glenn A. Ellis, Esquire (*pro hac*)
Zachary S. Feinberg (*pro hac*)
1500 Walnut Street, 18th Floor
Philadelphia PA 19102
Phone: 215-875-8000
Fax: 215-875-8575
Email: gae@freiwaldlaw.com
　　　zsf@freiwaldlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ATHENA CONSTRUCTION GROUP, INC.<br>    Plaintiff,<br><br>v.<br><br>WILLIAM M. SMITH III and RE<br>CONSTRUCTION, LLC<br>    Defendants | Civil Action No.:  1:21-cv-00396 |

### DEFENDANT RE CONSTRUCTION'S BRIEF IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES

## I.    INTRODUCTION

This motion is filed on behalf of Defendant RE Construction for its portion of the attorney fees it incurred in defending against Athena's baseless lawsuit.[1]  As noted by the Court there is no and never was any evidence that RE Construction committed the conduct Athena alleged in its Complaint.  It is clear that Athena's decision to include RE Construction in this litigation was merely to harass and cause friction between Smith and his son-in-law, the owner of RE Construction.

The Federal Rules and the Virginia legislature have created a remedy for victims of such bad faith litigation, and this case warrants an exercise of the authority granted to the Courts to levy attorney fees against Athena.  Accordingly, RE Construction is statutorily entitled to attorney fees under the Virginia Unfair Trade Secrets Act, VA Code §8.07-271.1(B) and Federal Rule 11.

---

[1] Only Defendant RE Construction seeks attorneys' fees in this matter, as Defendant Smith will seek his remedies as part of his retaliation claim in the related *Qui Tam* action.

## II.   PROCEDURAL HISTORY

The procedural history of the dispute between the parties is well known to the Court, and is reviewed in detail in Defendants' Brief in Support of their Motion to Dismiss the Amended Complaint. [ECF No. 16]  In short, this action was the third lawsuit filed by Plaintiff Athena against Defendant William Smith.

This action, as with the two prior actions that were dismissed, was retaliatory in nature because Defendant Smith brought a *Qui Tam* action against Athena under the False Claim Act. However, unlike the two prior actions, Athena attempted to escalate its harassing conduct by including Smith's son-in-law's company and employer, RE Construction, as a defendant.

On June 2, 2021, the Honorable Judge Trenga granted Defendants' Motion to Dismiss the Amended Complaint in this case. [ECF No. 35]  In doing so, Judge Trenga dismissed the entire case with prejudice, finding Athena's claims to be both time-barred and meritless. *See* Exhibit A, a copy of the transcript form the June 2, 2021 hearing, at Pg. 37 ¶ 10-14.

On June 8, 2021, counsel for Defendants informed counsel for Athena that Defendants intend to seek reimbursement for their costs and for Defendant RE Construction's portion of the attorneys' fees.  The parties thereafter held a meet-and-confer, on June 8, 2021, regarding the request for costs and fees.  Athena has agreed to pay $402.00 relating to Defendants' filing costs.

This is insufficient to cover the entirety of Defendants' bill of costs and does not address RE Construction's claim for attorneys' fees.  Defendants have filed a bill of costs with the Clerk of the Court and file the instant motion to seek an award of attorney fees.

2

## III.   ARGUMENT

### A.   Plaintiff Athena should be sanctioned under VA Code § 8.07-271.1 and Rule 11 for having filed a Complaint without having conducted a reasonable inquiry into the truth of its allegations and for pursuing this lawsuit for improper purposes.

Plaintiff Athena initially filed its Complaint in Virginia state court.  As such, Athena's Complaint was signed subject to the obligation and penalties of Virginia's "Good Faith" statute. *See* VA Code §8.07-271.1.  Virginia's "Good Faith" statute authorizes Courts to issue sanctions, including attorney fees, when a plaintiff brings claims that are not well grounded in fact and are brought for improper purposes.

Specifically, VA Code §8.07-271.1 provides:

> "The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

VA Code §8.07-271.1(B).[2]  The Virginia Supreme Court has clarified that an attorney or litigant's "failure to comply with any one of these statutory requirements invokes the sanctions provisions of the statute." *Kambis v. Considine*, 290 Va. 460, 467 (Va. 2015) *quoting Williams & Connolly, LLP v. People for the Ethical Treatment of Animals, Inc.*, 273 Va. 498, 510 (Va. 2007) (affirming an award of sanctions solely on the basis of an improper purpose).

---

[2] While VA Code §8.07-271.1(B) is the Commonwealth of Virginia's statutory equivalent to Federal Rule 11, this Court has authority to issue sanctions under this statutory provision.  The Eastern District of Virginia has previously granted sanctions under both VA Code §8.07-271.1(B) and Rule 11 when a complaint was initially filed in Virginia state court, as happened here. *See Gibson v. City of Alexandria*, 855 F.Supp. 133, 136 (E.D. Va. June 13, 1994); *see also Tatoian v. Andrews*, 2016 WL 613009, at *4 (W.D. Va. Feb. 12, 2016) (citing to *Gibson*, issuing sanctions only under Rule 11 because the case was not originally filed in Virginia state court); *Payman v. Lee County Community Hosp.*, 2005 WL 735886, at *2, fn 1 (W.D. Va. Mar. 31, 2005) ("Moreover, this court may enforce the Virginia sanctions provision contained in Va. Code Ann. § 8.01-271.1").

The Virginia Supreme Court has directed that an award of sanctions is determined under an "objective standard of reasonableness" and that pursuant to that standard, Courts are to consider whether "after reasonable inquiry, [counsel] could have formed a reasonable belief that the pleading[s] [were] well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and not interposed for an improper purpose." *Williams & Connolly, L..L.P. v. People for Ethical Treatment of Animals, inc.*, 273 Va. 498, 510-511 (Va. 2007).

The conduct sanctionable under VA Code §8.07-271.1 is nearly identical to that of Federal Rule 11(b). Similar to VA Code §8.07-271.1, the standard for assessing whether to impose sanctions against a party under Rule 11 is based on an objectionably reasonable standard. *Field v. GMAC LLC*, 2009 WL 6560222, at *2 (E.D. Va. Jan. 30, 2009), *aff'd*, 328 F. App'x 873 (4th Cir. 2009). "To determine if a motion or pleading violates Rule 11(b)(2) or (3), a court must determine if the attorney or party filing the motion or pleading conducted an objectively reasonable investigation of the factual and legal basis for his or her claim before filing." *Id.*

Here, an award of attorneys' fees is appropriate since Plaintiff Athena did not conduct a reasonable inquiry to determine whether its allegations were well grounded in fact, brought this action for the improper purpose of harassing and retaliating against Smith, and to increase the cost of the FCA litigation. Finally, Athena chose to ignore Defendants' clear warnings that if it continued with the lawsuit they would seek attorneys' fees.

### i. Plaintiff Athena did not conduct a reasonable inquiry to determine whether its allegations were well grounded in fact.

Athena's Complaint and Amended Complaint were allegedly based entirely on the "independent forensic expert report" of Mr. Lyle. [ECF No. 10 ¶32-47] According to the Amended Complaint, the forensic "analysis resulted in the following findings:

4

     a.     Hard Drive did not originate from Athena;

     b.     The Hard Drive contained over 13,000 Athena files . . .;

     c.     The Athena Files were copied to the Hard Drive from an external source on January 25, 2016 and February 15, 2016 . . .;"

*Id.* ¶ 32(a) to (c).  This is simply not true.  Mr. Lyle's report relating to the forensic analysis of the Hard Drive does not provide or include the above findings.  *See* Exhibit B.  Mr. Lyle's report makes one finding and that is that "the hard drive was accessed between January 25, 2016 and April 2, 2018."  *Id.* ¶ 16-17.  In fact, as noted in Defendants' briefs relating to their Motion to Dismiss, a close examination of Exhibit 2 of the report shows that all the files except for twenty-four (24) files were copied onto the Hard Drive <u>before</u> Mr. Smith left the employment of Athena.

     During the hearing on Defendants' motion to dismiss, the Court recognized the contradiction between the Athena's allegations and the forensic report.  Specifically, the Court stated, "I've reviewed the allegations of the complaint in detail. I think there is a real issue as to whether the allegations pertaining to when the alleged violations took place and when the information was downloaded onto the hard drive is consistent with the forensic report."  *See* Ex. A, at Pg. 33 ¶ 9-17.

     Further, beyond recognizing this critical inconsistency, the Court held that "There's no evidence or allegations here as far as how this downloading from Athena's computers to this external hard drive took place, under what circumstances, how Smith was able to do it." *Id.*, at Pg. 23 ¶ 13-19.  In response, Athena's counsel agreed, admitting that "there was no evidence that we could see on the computer system from Athena." *Id.*, at Pg. 23 ¶ 20-24.

     Regarding the Athena's VUTSA claim, the Court found that the trade secret and conspiracy-related allegations against RE Construction were no more than "threadbare conclusory types of allegations" *Id.*, at Pg. 30 ¶ 18. When asked about the evidence against RE

Construction, Counsel for Athena could only point to the fact that the Defendants knew each other, were related and lived together.  *Id.*, at Pg. 22 ¶ 7-13.

Virginia's "Good Statute", VA Code §8.07-271.1, requires a party to have allegations that are well-grounded in fact before counsel signs and files the complaint.  On its merits, this was not a close case.  Athena not only failed to meet the Federal Rules' liberal pleading standard; it presented allegations that were factually inconsistent with the forensic report it claimed supported its case; all without having even conducted an internal investigation regarding the alleged computer crimes against it.

Finally, whatever may be argued against Defendant Smith, there was not a single factual allegation that Defendant RE Construction engaged any illegal conduct, yet Athena alleged all counts of its Amended Complaint against RE Construction.

> **ii.**  **Plaintiff Athena brought this action for the improper purpose of harassing and retaliating against Smith, and his employer RE Construction and to increase the cost of litigation.**

Since Defendant-relator Smith filed his *Qui Tam* case under the False Claims Act against Athena, Athena has retaliated by filing three Virginia state court lawsuits against him.  In this third lawsuit against Smith, Athena attempted to increase the harassing and intimidating nature of its conduct by including Smith's son-in-law' company and employer, RE Construction.  As noted above, Athena included RE Construction even though there was zero evidence that they had engaged in any illegal activities.

Both the fact that Athena initiated this case and its conduct throughout this case reveal Athena's desire to increase the cost of litigation.  First, if Athena truly believed in the substance of its claims, the claims could have been brought as a counter-claim in the District of D.C., where the parties were already litigating.  Instead, Athena filed an entirely new case in Virginia

6

state court. Athena did this knowing that Defendants would have to retain local counsel and that the attorney's working on the FCA case would have to spend time on this new litigation.

Further, throughout this case, Athena engaged in a continuous course of conduct of obstructing Defendants' access to discovery, getting into frivolous arguments regarding holding depositions over Zoom and scheduling dates, and taking unfounded and antagonist positions that required several meet-and-confer conferences and preparations of motions. For example, Athena objected to produce Mr. Lyle, whose work alleged formed the basis of the lawsuit for a deposition. Defendants were forced to prepare a subpoena for Mr. Lyle's deposition and prepare a response to Athena's anticipated Motion to Quash. The amount of activity within the short three-month time span of this case is shocking, and was Athena's intent throughout to harass Defendants and to increase the cost of litigation.

### iii. Defendants have complied with the 21-day notice requirements of Federal Rule 11.

Federal Rule 11(c) provides that the party seeking sanctions must provide the other party twenty-one (21) days-notice before filing a motion for sanctions. This Court has previously held that a letter addressed to the opposing party is sufficient to satisfy this twenty-one day "safe harbor" provision. *Schnader Harrison Segal & Lewis LLP v. Hershey*, 2013 WL 12099323, at *1, fn. 1 (E.D. Va. Aug. 14, 2013) (Trenga, J.).

On two different occasions counsel for Defendants emailed counsel to Plaintiff advising Athena of Defendants' intent to seek Rule 11 sanctions if the case was not withdrawn. First, on March 31, 2021, counsel for Defendants wrote:

> This lawsuit like the previous one is clearly frivolous and meant solely to harass and retaliate against the Relator in the FCA case pending before Judge Mehta. Accordingly, if you do not withdraw the Complaint by Monday (4/5/21)

7

we will seek dismissal and Rule 11 sanctions for your repeated filing of frivolous lawsuits against the Relator.

A copy of the March 31, 2021 email is attached as Exhibit C.  In response, counsel for Athena took an antagonizing and demeaning tone towards counsel for Defendants, writing "The tone and content of your email is inappropriate. Please consult with Jeff on the proper and customary practices and expected courtesy to be shown in communications between opposing counsel in Virginia." *Id.*

Thereafter, Athena filed an Amended Complaint on April 16, 2021, and thus mooting the initial twenty-one-day notice that Defendants provided to seek sanctions.  On April 30, 2021, Defendants re-filed their motion to dismiss.  Later that day, after Defendants filed their motion, Athena, for the first time, provided Defendants with a copy of Mr. Lyle's forensic report. Immediately upon receiving Mr. Lyle's forensic report, counsel for Defendants realized the manner that it contradicted the allegations in the Amended Complaint (as discussed above and in Defendants' supplemental brief in support of their Motion to Dismiss).

On May 4, 2021, counsel for Defendants emailed counsel for Athena and wrote, in part,

> Your misrepresentation of TransPerfect's report and the findings of the forensic analysis is deeply troubling and completely inappropriate. If you do not agree to withdraw Athena's current lawsuit against Mr. Smith by Friday, May 7, 2021, Plaintiff will bring these misrepresentations to the attention of the court and seek all available sanctions under Rule 11.

A copy of counsel for Defendants May 4, 2021 email is attached as Exhibit D.  Counsel for Athena responded on May 7, 2021 by writing, "We have considered the allegations and statements in both of your emails. We stand by the claims in our Amended Complaint. We also stand by our Initial Disclosures as being in full compliance with Rule 26(a)(1) and local

practice." Thereafter, Athena continued to pursue its harassing and retaliatory case, as described more fully above.

This Court has acknowledged that "the purpose of the safe harbor period is 'namely to allow the offending party twenty-one days to withdraw the offending claims and escape sanctions,' *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 308-09 (E.D. Va. 2004) (footnote omitted), thereby allowing parties to self-regulate without requiring judicial intervention." *Navy Fed. Credit Union v. LTD Fin. Servs., L.P.*, 2019 WL 2203128, at *3 (E.D. Va. May 3, 2019) (Buchanan, J.), *report and recommendation adopted sub nom. Navy Fed. Credit Union v. LTD Fin. Servs., L.P.*, 2019 WL 2193854 (E.D. Va. May 21, 2019) (Trenga, J.).

Athena was provided with more than sufficient notice that Defendants intended to seek sanctions against it if Athena continued to pursue its baseless claims. Thus, it is appropriate and warranted to issue Rule 11 sanctions against Athena.

**B.    Defendant RE Construction is entitled to attorneys' fees under Va. Code § 59.1-338.1 because Athena's claims against RE Construction were made in bad faith, as there was no reasonable basis for Athena to believe it would prevail in its claims against RE Construction.**

Count V of Plaintiff Athena's Amended Complaint included a claim against both Defendants Smith and RE Construction for the violating of the Virginia Uniform Trade Secrets Act ("VUTSA"), Va. Code § 59.1-336 *et seq.* The VUTSA provides where "a claim of misappropriation is made in bad faith . . . the court may award reasonable attorneys' fees to the prevailing party." Athena's allegations under the VUTSA were made in bad faith against RE Construction such that RE Construction is entitled to reasonable attorneys' fees.

While there is no clear standard under Fourth Circuit precedent, the Fourth Circuit recently stated that a finding of bad faith requires, at minimum, that the "claim had no chance of success under existing law." *Akira Technologies, Inc. v. Conceptant, Inc.*, 773 Fed.Appx. 122,

125 (4th Cir. 2019) (quoting *Tullidge v. Bd. Of Supervisors of Agusta Cty.*, 239 Va. 611, 391

S.E.2d 288, 290 (1990) (applying VUTSA)).  Similarly, Virginia Courts interpreting "bad faith"

under VUTSA have examined whether there was an objectively reasonable basis for believing a

claim existed under the VUTSA. *See e.g. Tryco, Inc. v. U.S. Medical Source, L.L.C.*, 80 Va. Cir.

619, at *8 (Va. Cir. Ct. Aug. 3, 2010) ("In Virginia, such a claim is governed by an 'objective

reasonableness standard . . . Under this standard, [Defendant] would be entitled to attorney's fees

if [Plaintiff] had no objective basis for believing it could prevail under the VUTSA") (*citing*

*Trident Perfusion Associates, Inc. v. Lesnoff*, 121 F.3d 700 (Table), 1997 WL 528321, at *2-3

(4th Cir. 1997).

Accordingly, based upon the Virginia State Court and Federal Courts that have examined

the bad faith standard for attorneys' fees under the VUTSA, the standard that applies is an

objectively reasonableness standard as to whether the party could prevail under the VUTSA.

Here, there is no objective basis to believe that Athena's claim against RE Construction could

have prevailed under the VUTSA.

Athena's Amended Complaint was dismissed for two fundamental reasons: (1) it was

clearly filed beyond the statute of limitations; and/or (2) it contained nothing more than

conclusory allegations with virtually no factual support.  Either of these bases would be

sufficient to support a bad faith claim.

During the hearing on Defendants' Motion to Dismiss, the Honorable Judge Trenga made

clear just how deficient Athena's Amended Complaint was.  Regarding the conspiracy claims in

Counts 6 and 7, Judge Trenga stated:

> Let me go to the conspiracy claims. Count 6 alleges business conspiracy.
> Count 7 alleges common-law conspiracy. **There's really no allegations here**
> **that plausibly allege a conspiracy.** All that is alleged is that Smith engaged in

his conduct before he became an employee. He subsequently became an employee. There are no allegations of any communications between the two before he joined, no facts from which you could plausibly infer that there was any concerted action, no communications. There's no allegations that even the material on that hard drive was used in the business of RE Construction, no allegations of any time, place, manner, or discussions of any of the aspects necessary for a conspiracy claim. **And, again, really nothing more than just a naked allegation of conspiracy**. So the Court finds the complaint does not plausibly allege facts that support Count 6 or Count 7.

*See* Exhibit A, at Pg. 35 ¶ 10 – Pg. 36 ¶ 2 (emphasis added).  Regarding the VUTSA claim, Judge Trenga stated:

> With respect to the Trade Secrets Act, again, I don't think the complaint plausibly alleges the information was utilized as trade secrets or gave any kind of competitive advantage. **Again, this is pretty threadbare conclusory types of allegations**. I wanted to speak to one other piece of this, if I could. I think those are the two points I wanted to make. One is I think the allegations are too conclusory to establish there were trade secrets or that either of the defendants misappropriated those as required under the statute.

*Id.*, at Pg. 36 ¶ 14-25.  The Honorable Judge Trenga also readily dismissed all of the substantive claims against RE Construction because "the Court simply does not find any facts that plausibly allege any violation of any of the statutes on the part of the corporation."  *See* Exhibit A, at 36 ¶ 3-13.

Indeed, Athena's Amended Complaint does not allege a single action taken by RE Construction in this case. [ECF No. 10] To include RE Construction in this lawsuit, without a single fact alleging any wrongful conduct by it, is the very definition of bad faith and is more than sufficient grounds to award RE Construction attorney fees.  Rather, this case was brought for one reason. To harass, retaliate, and cause expense to Defendant Smith; his employer, RE

11

Construction; and his father-in-law Ralph Ellis, CEO of RE Construction.  While Athena

succeeded in accomplishing that improper goal, the Virginia legislature and the Federal Courts

are empowered to provide a remedy for such bad faith litigation in the form of attorney fees.

## IV.    REQUESTED RELIEF

For the foregoing reasons, Defendant RE Construction respectfully request that this

Honorable Court order Athena to pay its portion of the attorney fees incurred in the defense of

this matter. Defendant RE Construction requests twenty (20) days to submit its Attorney Fees

lodestar amount, with supporting affidavits, to Athena.

Respectfully submitted,


s/Jeffrey J. Downey
JEFFREY J. DOWNEY, ESQUIRE
VA Bar Number #31992
The Law Office of Jeffrey J. Downey, P.C.
8270 Greensboro Drive
Suite 810
McLean, VA  22102
Phone: 703-564-7318
Fax: 703-883-0108
Email: jdowney@jeffdowney.com

FREIWALD LAW
Glenn A. Ellis, Esquire (*pro hac*)
Zachary S. Feinberg (*pro hac*)
1500 Walnut Street, 18th Floor
Philadelphia PA 19102
Phone: 215-875-8000
Fax: 215-875-8575
Email: gae@freiwaldlaw.com
       zsf@freiwaldlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2021 a copy of the foregoing *Motion* was mailed and electronically sent to Milton C. Johns, Esquire and Craig Guthery, Esquire, Attorneys for Plaintiff, Executive Law Partners, PLLC, 11130 Fairfax Blvd., Suite 303, Fairfax, VA 22030.

s/Jeffrey J. Downey
JEFFREY J. DOWNEY, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ATHENA CONSTRUCTION GROUP, INC.<br>      Plaintiff,<br><br>v.<br><br>WILLIAM M. SMITH III and RE<br>CONSTRUCTIONS<br>      Defendants | **Civil Action No.:  1:21-cv-00396** |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2021, upon

consideration of Defendant RE Construction's Motion for Attorney Fees, it is hereby ORDERED

and DECREED that the foregoing Motion is GRANTED.

Defendants will submit its Attorney Fees lodestar amount, with supporting affidavits,

within twenty (20) days.  Pursuant to Local Rule ____ the parties shall conduct a meet and

confer and any disputed fees may be submitted to the Court for resolution.

_____

J.