IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **ATHENA CONSTRUCTION GROUP, INC.** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:21-cv-00396 (AJT/TCB) |
| **WILLIAM SMITH III and** | ) |
| **RE CONSTRUCTION, LLC** | ) [CASE CLOSED on June 2, 2021] |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT
RE CONSTRUCTION, LLC'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Athena Construction Group, Inc. ("Athena"), by counsel, submits its Opposition to the Motion for Attorney's Fees ("Motion") of Defendant RE Construction, LLC ("RE Construction").[1]

**INTRODUCTION**

On June 2, 2021, for reasons stated from the bench, this Court found that certain claims in Athena's Amended Complaint were barred by statutes of limitations and that Athena's factual allegations were insufficient to state substantive claims of violations of the computer statutes at issue, were too conclusory to establish trade secret violations, and failed to plausibly allege a conspiracy between the Defendants. Athena disagrees with the Court's findings—and reserves all rights to appeal within the statutory period—but recognizes that the Court ruled in favor of Defendants, thus ending Athena's case in this Court on June 2, 2021.

---

[1]    Defendant William Smith III did not join in this Motion. Mot. (Dkt. 39), p. 1 n. 1.

Although the Court dismissed the case on these grounds, the Court's statement is absent of any finding that Athena's case was frivolous, brought in bad faith, or brought for improper purposes. While the Court ruled that Defendants successfully challenged the sufficiency of the Amended Complaint to meet the pleading standards of the Federal Rules of Civil Procedure, there is nothing in this case, nothing in the Court's findings or decision, and nothing in the statutes that would justify an award of attorney's fees to RE Construction (or Mr. Smith, for that matter).

RE Construction states that it is "statutorily entitled to attorney fees" under Rule 11 of the Federal Rules of Civil Procedure and the Virginia Uniform Trade Secrets Act ("VUTSA"). Mot., p. 1. RE Construction is not entitled to such fees. First, under Rule 11 and established law of the Fourth Circuit, the Motion is both improper, because RE Construction did not satisfy the "safe harbor" requirements of Rule 11, and untimely, because the case has already concluded. Second, as noted above, Athena did not file the Amended Complaint in bad faith. Third, the VUTSA does not automatically entitle RE Construction to an award of fees. Fourth, RE Construction's failure to identify the attorney's fees sought or to provide evidence of their reasonableness prevents the Court from determining whether fees should be awarded. For these reasons, the Motion should be denied.

**ARGUMENT**

**A.     The Court Should Deny the Motion Because RE Construction Failed to Comply with the Procedural Requirements of Rule 11 as Construed by the Fourth Circuit.**

"It is clear from the language of [Rule 11] that it imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions." *Brickwood Contractors, Inc. v. Datanet Eng'g Inc.*, 369 F.3d 385, 389 (4th Cir. 2004).

2

> The requirements of the rule are straightforward: The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion.

*Id.* Thus, the twenty-one-day safe harbor period "begins to run only upon service of the motion" on the allegedly offending party. FED. R. CIV. P. 11, advisory committee's note. In addition, "the 'safe harbor' provisions of Rule 11(c)(1)(A) [now found in Rule 11(c)(2)] preclude the serving and filing of any Rule 11 motion after conclusion of the case." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002); FED. R. CIV. P. 11, advisory committee's note ("Given the 'safe harbor' provisions . . . a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).").

RE Construction claims that two emails sent from its counsel to Athena's counsel stating Defendants' "intent to seek Rule 11 sanctions if the case was not withdrawn" satisfy the safe harbor notice provision of Rule 11(c)(2). Mot., p. 7.[2] Emails between counsel are not sufficient to meet the notice requirement, however, unless they also attach a motion for sanctions, thereby complying with the service requirements of Rule 11(c)(2) as construed by the Fourth Circuit in *Brickwood*. No such motion was attached to either email or was otherwise served on Athena. Moreover, the first email referenced was sent before the Amended Complaint—the allegedly offending document—had been filed with this Court.

Even if counsel's emails had been sufficient to meet the Rule 11(c)(2) safe harbor notice requirement, RE Construction did not file the Motion until after this Court granted Defendants'

---

[2] Although RE Construction cites a footnote in this Court's decision in *Schnader Harrison Segal & Lewis LLP v. Hershey*, 2013 WL 12099323 (E.D. Va. Aug. 14, 2013) to support its claim that the two emails from counsel are sufficient notice under Rule 11(c)(2), it does not appear from the *Schnader* order that the parties in that case briefed the issue or raised the Fourth Circuit's construction of the safe harbor notice provision in *Brickwood*.

3

Motion to Dismiss, thus concluding the case. Both the Fourth Circuit and the advisory committee's notes to Rule 11 show that delaying a motion for sanctions until after the conclusion of the case is impermissible and such a late-filed motion must not be granted.[3]

Accordingly, the Court should deny the Motion on these threshold grounds alone.

**B.      The Court Should Deny the Motion Because Athena Did Not Bring This Action in Bad Faith.**

RE Construction's failure to comply with the safe harbor requirements of Rule 11 and its failure to timely file its Motion conclusively invalidate its claim for sanctions and moot the remainder of its arguments. Nevertheless, Athena will address RE Construction's "bad faith" argument.

Athena and Defendants have been engaged in contentious litigation for several years and there is no question that each side believes the other has acted in bad faith on many occasions—beliefs that are well-documented in the many briefs filed with various courts in connection with their dispute. As Defendants have noted numerous times, this is indeed the third state court action filed by Athena, but each of these actions were filed in good faith.

In the first state court action, filed in 2017, Athena claimed in good faith that defendant Smith had breached a separation agreement between the parties by violating the agreement's non-disparagement clause. The case was brought in Prince William County Circuit Court

---

[3]      RE Construction attempts to avoid the safe harbor requirements of Rule 11 by also claiming violations of the Virginia state law equivalent of Rule 11, VA. CODE § 8.01-271.1. Mot., p. 3. In support, RE Construction cites in a footnote a single case from this District that found sanctions appropriate under both federal and state law. Mot., p. 3, n. 2 (citing *Gibson v. City of Alexandria*, 855 F. Supp. 133 (E.D. Va. 1994)). The Court in *Gibson*, however, did not analyze counsel's actions under § 8.01-271.1 separately from Rule 11, nor did the Court perform the type of analysis of the Virginia Supreme Court's "objective standard of reasonableness" construction of § 8.01-271.1 that RE Construction asks this Court to do here.

4

because the agreement contained a mandatory jurisdiction and venue provision. After removal, the action was dismissed on the grounds that a litigation privilege applied to Smith's actions. In 2019, Athena brought a second action in state court for conversion and detinue after learning for the first time that Smith possessed, after his termination, a hard drive belonging to Athena and Smith ignored requests from Athena to return the hard drive voluntarily. After Smith again removed the case,[4] Athena voluntarily dismissed this second action only after Smith capitulated and surrendered the hard drive to Athena.

The third state court action—at issue here—arose only after Athena received the hard drive from Smith, ordered a forensic analysis, and reviewed the results of that analysis. First, Athena was able to determine on the basis of the forensic analysis results that, despite Smith's counsel's representation to Judge Amit Mehta of the U.S. District Court for the District of Columbia, the hard drive, in fact, did not originate from Athena. Second, the analysis showed that this non-Athena hard drive contains over 13,000 Athena files, containing confidential, proprietary, financial, employment, and trade secrets that Athena previously believed resided only on its own computers and computer networks. Smith did not dispute this allegation at any time and, in fact, represented to Judge Mehta that the hard drive contained thousands of Athena documents. Third, analysis of the metadata of these files support a determination that the files were copied to the hard drive *after* Smith's access to the files was no longer authorized due to his

---

[4] The settlement occurred prior to the expiration of the time period for Athena to challenge the removal.

termination.[5]  Accordingly, as Athena claimed in the Amended Complaint, the only way that the files could have found their way onto the non-Athena hard drive in Defendants' possession was by invasion, trespass, and unauthorized use of Athena's computers and computer servers.

Furthermore, the forensic analysis showed that the hard drive contains files belonging to RE Construction that were added to the hard drive *after* Athena's files already resided thereon, thereby showing that RE Construction had access to Athena's files.  This fact—combined with (a) the close personal relationship between, and co-habitation of, Smith and RE Construction's owner, Ralph Ellis, and (b) the existence of litigation between RE Construction and Athena and the benefit that would be gained by RE Construction having access to Athena's confidential and proprietary information and trade secrets—provided the basis for Athena's claim that RE Construction had conspired with Smith to surreptitiously obtain Athena's files and misappropriate the information contained in these files.  This was a reasonable inference from the hard evidence in Athena's possession at the time of the filing of the Complaint and the Amended Complaint.

Accordingly, Athena filed its action against Smith and RE Construction for violations of federal and Virginia computer crimes statutes, violation of the VUTSA, and conspiracy.  These claims were filed in good faith based upon the facts, inferences, and conclusions described above, as well as others included in the original Complaint and, later, the Amended Complaint.

---

[5]     As the Court is aware, it is this third conclusion that formed the basis of a substantial portion of the parties' respective arguments at the Motion to Dismiss hearing.  At the hearing, the Court noted a "real issue" as to whether the forensic report itself is consistent with Athena's factual allegation that the files were copied to the hard drive after Smith's termination.  Transcript of Motion to Dismiss Hearing ("Tr.") 33:9-17 (attached to the Motion as Exhibit 2).  Athena respectfully disagrees with the Court's finding on this issue and continues to challenge Defendants' alternative factual statement that the files were copied to the hard drive before Smith's termination, while recognizing that the Court's finding is determinative of the issue with respect to its ruling on the Motion to Dismiss.

In the Motion, RE Construction charges that Athena failed to conduct a "reasonable inquiry into the truth of its allegations" and pursued this lawsuit for "improper purposes." Neither charge is valid or true. In support, RE Construction alleges without basis that Athena failed to conduct an internal investigation to determine how its security system was compromised, yet Defendants identified this issue only as an unanswered question at the Motion to Dismiss hearing and, in fact, Athena conducted a comprehensive internal investigation that it specifically referenced in the Amended Complaint. Tr. 11:21-22; Am. Compl. (Dkt. 10), ¶ 45. RE Construction provides no other grounds in its Motion for claiming a lack of reasonable inquiry on the part of Athena and, other than the disputed issue as to when the files were copied to the hard drive, does not identify any other facts alleged in the Amended Complaint that it claims are untrue. On the contrary, the following facts appear to be undisputed by RE Construction:

- Smith had possession of the hard drive.
- The hard drive is not Athena's hard drive.
- The files on the hard drive are Athena's files.
- Athena's files originated from Athena's computers and computer networks.
- Both Defendants had access to Athena's files on the hard drive.
- RE Construction was a competitor to, and was in litigation with, Athena.

The above undisputed facts—combined with the disputed fact, alleged by Athena in the Amended Complaint, that Athena's files were copied to the hard drive *after* Smith had been terminated from Athena—provided a good faith basis for Athena's claims. RE Construction's charge that Athena had not performed a "reasonable inquiry" into the truth of these allegations is simply not true.

7

RE Construction's claim that Athena brought this action "for the improper purpose of harassing and retaliating against Smith, and his employer RE Construction" similarly falls flat. As an initial matter, none of the allegations in the Amended Complaint are based on Smith's pursuit of the *qui tam* action pending before Judge Mehta. Moreover, filing the *qui tam* action did not, and does not, give Smith a free pass from being held liable for past violations of the law. Despite RE Construction's liberal use and citation of communications between counsel in the Motion, none of these communications provide any basis for a claim of harassment or retaliation.

Importantly, the Motion now before the Court was filed only by RE Construction and not by Smith. RE Construction's "improper purpose" claim therefore seems to be based solely upon a charge that Athena is "harassing and retaliating" against RE Construction on the grounds that it employs Smith.[6] This is a weak argument that is unsupported by any facts. Athena included RE Construction as a defendant in this case because of the close familial and co-habitant relationship between Smith and Ralph Ellis that provided opportunity and motive, because RE Construction files were found on the same hard drive that contained Athena's confidential files (demonstrating that RE Construction had access to this improperly obtained data), and because RE Construction stood to benefit from this access due to its status as a competitor and litigant. Again, Athena made a reasonable inference as to RE Construction's activities based on this evidence that is not disputed by either Defendant.

In sum, although this Court ruled that Athena's factual allegations failed to meet the pleading standards of the Federal Rules of Civil Procedure, RE Construction has presented no

---

[6] Because the Motion is brought only by RE Construction, allegations that Athena harassed Smith and the rather odd charges that Athena's counsel harassed Defendants' counsel and engaged in "frivolous arguments" regarding discovery—charges that counsel for Athena categorically deny—are not relevant to the question now before the Court as to whether Athena filed the Amended Complaint against RE Construction in bad faith.

evidence to show that the claims were brought in bad faith. Accordingly, the Court should deny the Motion.

### C. The Court Should Deny RE Construction's Request for an Award of Attorney's Fees Under the VUTSA Because the Standard for an Award Has Not Been Met.

Under the VUTSA, "If the court determines that (i) a claim of misappropriation is made in bad faith, or (ii) willful and malicious misappropriation exists, the court may award reasonable attorneys' fees to the prevailing party. VA. CODE § 59.1-338.1. As to "bad faith," the Fourth Circuit has stated that "[s]uch a finding requires, at a minimum, that the plaintiff's 'claim had no chance of success under existing law.'" *Akira Techs., Inc. v. Conceptant, Inc.*, 773 Fed. Appx. 122, 125 (4th Cir. 2019) (quoting *Tullidge v. Board of Supervisors of Augusta Cty.*, 239 Va. 611, 391 S.E.2d 288, 290 (1990)).

At the Motion to Dismiss hearing, the Court, applying the appropriate standard, stated as follows:

> With respect to the Trade Secrets Act, again, I don't think the complaint plausibly alleges the information was utilized as trade secrets or gave any kind of competitive advantage. Again, this is pretty threadbare conclusory types of allegations.
> \* \* \*
> I think the allegations are too conclusory to establish there were trade secrets or that either of the defendants misappropriated those as required under the statute.

Tr. 36:14-18, 22-25. While the Court found that Athena's allegations *as pled in the Amended Complaint* were "threadbare" and "conclusory," the Court did not state a finding that Athena's underlying trade secrets claim itself had "no chance of success under existing law." In other words, although the Court found that Athena's as-pled allegations were insufficient to survive the Motion to Dismiss, this is not the same as a finding that no valid claim exists whatsoever. Under RE Construction's expansive definition of the standard, *every* defendant in a VUTSA case would be entitled to attorney's fees upon succeeding on a motion to dismiss.

9

Here, Athena pled that the files copied to the hard drive contained Athena's customer lists, pricing information, and marketing and sales techniques. Am. Compl., ¶ 15. Under the VUTSA and case law of this District, Athena had a good faith basis to believe that these were trade secrets. *See* Pl.'s Opp'n to D.'s Mot. to Dismiss (Dkt. 21), p. 15 (citing *MicroStrategy, Inc. v. Business Objects, S.A.*, 331 F. Supp. 2d 396, 416 (E.D. Va. 2004) ("For example, a customer list, or a method of selling or marketing *could* be a trade secret. The question is whether the facts present in the instant case serve to elevate such information to the status of trade secrets.") (emphasis in original)). Athena also pled that Defendants acquired, disclosed, and used these trade secrets through improper means or—especially with respect to RE Construction—with knowledge or reason to know that the trade secrets were acquired by improper means. Athena had a good faith basis to believe that RE Construction accessed and used Athena's trade secrets because, among other reasons, RE Construction had access to the hard drive containing these trade secrets, as shown by the co-existence of RE Construction files on the hard drive. Athena had a further good faith basis to believe that discovery in this action would reveal the extent of RE Construction's access and use.

Although the Court ultimately ruled that the allegations against RE Construction as pled in the Amended Complaint were "threadbare" and "conclusory," this is far from finding that Athena's trade secrets claim had "no chance of success under existing law." Accordingly, the Court should deny the Motion.

**D.     The Court Should Deny the Motion Because It Fails to Establish the Reasonableness, or Even Identify, the Attorney's Fees Sought.**

In deciding a request for attorney's fees, a court must first determine whether the request is reasonable. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1374 (4th Cir. 1991). This determination requires submission of evidence of the attorney's fees sought, including the hours

expended and the hourly rates charged. Typically, this submission also requires third-party verification that the work performed, and the amount charged, is reasonable.

RE Construction failed to submit any evidence whatsoever of the attorney's fees that it is asking the Court to award as sanctions. Instead, RE Construction simply asks the Court to "order Athena to pay [RE Construction's] portion of the attorney fees incurred in the defense of this matter," upon which RE Construction will submit documentation of these fees directly to Athena for payment. Mot. p. 12.

It is possible that RE Construction's abject failure to identify the attorney's fees sought and to substantiate the amounts through affidavits and documentation simply reveals that it does not expect an award. Regardless, the Court should deny the Motion on the grounds that RE Construction's failure to submit such evidence makes it impossible for the Court to determine the reasonableness of such a request.

## CONCLUSION

For all of the reasons stated above, Athena respectfully requests that this Court deny the Motion to Attorney's Fees.

Dated: June 23, 2021

Respectfully submitted,

Athena Construction Group, Inc.
By Counsel

_____
Milton C. Johns, VSB No. 42305
Craig A. Guthery, VSB No. 42821
**Executive Law Partners PLLC**
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
T: (571) 500-1010
mjohns@xlppllc.com
cguthery@xlppllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 23, 2021, the foregoing was filed via the CM/ECF system and an electronic copy was served on the following via a notice of electronic filling (NEF):

>Jeffrey J. Downey, VSB No. 31992
>**The Law Office of Jeffrey J. Downey, P.C.**
>8270 Greensboro Drive, Suite 810
>McLean, VA 22102
>jdowney@jeffdowney.com
>
>Glenn Andrew Ellis (*pro hac vice)*
>Zachary S. Feinberg (*pro hac vice*)
>**Freiwald Law, P.C.**
>1500 Walnut Street, 18th Floor
>Philadelphia, PA 19102
>gae@freiwaldlaw.com
>zsf@freiwaldlaw.com
>
>*Counsel for Defendants*

_____
Milton C. Johns, VSB No. 42305
**Executive Law Partners PLLC**
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
T: (571) 500-1010
mjohns@xlpllc.com

*Counsel for Plaintiff*