IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ATHENA CONSTRUCTION GROUP, INC.<br>    Plaintiff,<br><br>v.<br><br>WILLIAM M. SMITH III and RE CONSTRUCTION, LLC<br>    Defendants | Civil Action No.: 1:21-cv-00396 |

### DEFENDANT RE CONSTRUCTION'S SUPPLEMENTAL BRIEF

Defendant RE Construction, LLC submits this Supplemental Brief to address the Court's questions regarding Plaintiff Athena's forensic analysis of the hard drive.

**A.  Athena's counsel knew that all of Athena's files were copied onto the hard drive before Smith was terminated on January 18, 2016.**

Lack of authority at the time that Athena's computers and/or networks were allegedly accessed and its files were copied and saved to the hard drive, is a critical factor that underlies all of Athena's claims under Virginia's Computer Crimes Act[1] (herein "VCCA"). Therefore, if the evidence shows that the files at issue were copied onto the hard drive while he was still employed by Athena, then there can be no claim under the VCCA.

Athena's counsel alleged in the initial Complaint that Smith accessed Athena's computers and/or networks "after [he] had been terminated, after any authorization he may have had to access Athena's computers and/or computer networks had been terminated." [ECF 1, Ex. A ¶31]. Athena's counsel has repeatedly claimed that Smith's actions were without authority or after his authorization had been terminated. [*Id.* ¶¶ 41, 43, 45, 48].

---

[1] Lack of authority is also a critical factor in analyzing a claim under the later added Federal Computer Fraud and Abuse Act (herein "CFAA").

Thus, the date that the files were downloaded onto the hard drive is critical to the question of whether Athena had a good-faith basis to bring claims under the VCCA. In its initial Complaint, Athena's counsel alleged that Smith accessed the computers and/or networks on January 25, 2016 and February 15, 2016. [*Id.* ¶30]. In support of this allegation Athena referenced and relied upon the report of James Andrew M. Lyle, dated April 9, 2020. [*Id.* ¶ 28].

A review of Mr. Lyle's report, which is attached as Exhibit A, and its exhibits shows beyond dispute that the above allegations were not true and that Athena's counsel, Mr. Milton Johns and Mr. Craig Guthery of Executive Law Partners PLLC, knew these allegations were not true when they signed the initial Complaint and filed it in Prince William Circuit Court on March 1, 2021.

Exhibit 2 to Mr. Lyle's report is a 163-page spreadsheet that contains numerous columns including a column for the "File Created" date, which is described as "the metadata that tracks when the file is recorded as having been created on the hard drive." *See* Exhibit A, fn. 6. A review of the "File Created" column shows that all of the nearly 27,000 files, except for 25 files, were saved onto the hard drive before Smith's last day of employment on January 18, 2016.

Since these were his emails and documents, Smith had authority to access and download them, which he claimed was part of a routine backing up process. Thus, his doing so would not and could not be argued in good faith to be a violation of the VCCA or the very similar CFAA.

**B.  Athena's counsel had no evidence that the Athena's files on the hard drive were actually accessed by anyone after January 18, 2016.**

Athena alleged that RE Construction conspired with Smith to obtain and use the files on the hard drive for their own gain. [ECF 1, Ex. A ¶¶32-37, 49-58; ECF 10 ¶¶36-42, 70-79]. This allegation is repeated in the introduction to Athena's response to the motion to dismiss. [ECF 21

pg. 1]. Athena's allegation of "use" formed the basis of its $2 million claim against RE Construction under the Virginia Uniform Trade Secrets Act ("VUTSA"). [*Id.* pg. 16].

Again, in support of this allegation, Athena referenced and relied solely upon the report of Mr. Lyle.  A review of Mr. Lyle's report shows beyond dispute that the above allegations were not support or true and Athena's counsel, Mr. Johns and Mr. Guthery knew they were not true when they signed the initial Complaint and when they amended to add claims under the VUTSA.

Mr. Lyle's spreadsheet does contains a column for the "Last Accessed" date, which is described as "the metadata that tracks when the file is recorded as having been opened." *See* Exhibit A, fn. 7. However, a review of the "Last Accessed" column shows that none of the nearly 27,000 files saved onto the hard drive, except for 25 files, have a Last Accessed date later than January 18, 2016.  There is no other information or evidence in the report to support Athena's allegation that anyone accessed and/or used its files from the hard drive.

In conclusion, Mr. Lyle's report did not provide Athena with any basis to file this action. Mr. Lyle's report rebuts and contradicts Athena's allegations in its various complaints and its arguments in response to Defendants' motion to dismiss.  Athena and its attorney's conduct were in bad faith and this Honorable Court should sanction Athena and award attorney's fees. *See Payman v. Mirza*, 2003 WL 751010, at *2 (W.D.Va. Mar. 3, 2003), aff'd, 82 F. App'x 826 (4th Cir. 2003) ("Moreover, Virginia law has a sanction provision similar to Rule 11, see Va.Code Ann. § 8.01–271.1 (Michie 2000), which this court may enforce") (citing *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir.2000) ("If the state pleading rules did not apply, then nothing would govern the original pleadings in these cases, and a party who filed in bad faith might escape any penalty.")

       Respectfully submitted,

       s/Jeffrey J. Downey
       JEFFREY J. DOWNEY, ESQUIRE
       VA Bar Number #31992
       The Law Office of Jeffrey J. Downey, P.C.
       8270 Greensboro Drive, Suite 810
       McLean, VA  22102
       Phone: 703-564-7318
       Fax: 703-883-0108
       Email: jdowney@jeffdowney.com

       FREIWALD LAW
       Glenn A. Ellis, Esquire (*pro hac*)
       Zachary S. Feinberg (*pro hac*)
       1500 Walnut Street, 18th Floor
       Philadelphia PA 19102
       Phone: 215-875-8000
       Fax: 215-875-8575
       Email: gae@freiwaldlaw.com
              zsf@freiwaldlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2021 a copy of the foregoing *Supplemental Brief* was electronically sent to Milton C. Johns, Esquire and Craig Guthery, Esquire, Attorneys for Plaintiff, Executive Law Partners, PLLC, 11130 Fairfax Blvd., Suite 303, Fairfax, VA 22030.

s/Jeffrey J. Downey<br>
JEFFREY J. DOWNEY, ESQUIRE