IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| ATHENA CONSTRUCTION GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:21-cv-00396 (AJT/TCB) |
| WILLIAM SMITH, III, *et al.*, | ) ) ) | |
| Defendants, | ) ) | |

**ORDER**

Defendant RE Construction has filed a Motion for Attorney Fees [Doc. Nos. 37, 39] (the "Motion" or "Mot.").[1] Upon consideration of the Motion and for the reasons stated below, the Motion is **GRANTED** in part and **DENIED** in part.

**I.   BACKGROUND**

Briefly summarized in pertinent part, on January 10, 2017, approximately one year after Defendant William Smith III's termination from Plaintiff Athena Construction Group, Inc. ("Athena"), Smith filed a *qui tam* action against Athena in the U.S. District Court for the Middle District of Pennsylvania (the "*qui tam* action"), which was ultimately transferred to the U.S. District Court for the District of Columbia. [Doc. No. 10] (the "Amended Complaint" or "Am. Compl.") ¶ 21. Since the *qui tam* action was initiated, Athena has filed several lawsuits against Defendant Smith

---

[1] Defendant William Smith III does not seek attorney fees. Defendant RE Construction has filed two Motions for attorneys' fees. There are no material differences between the Motions and it appears that RE Construction filed the second Motion to comply with the Court's local rules. Citations to the Motion will be to the second Motion, [Doc. No. 39]. Additionally, citations reflect the document page number, not the page numbers listed in the brief, which are different from the document page numbers because Defendant filed the Motion and supporting brief as one document. Also, RE Construction has filed a Bill of Costs, [Doc. No. 38], which Plaintiff Athena has opposed, [Doc. No. 44], and which the Court will address through a separate order.

in the Commonwealth of Virginia, Prince William County Circuit Court, one of which was removed to this Court on March 31, 2021. [Doc. No. 1]; [Doc. No. 16] at 2-3; *see generally* Am. Compl.

On April 16, 2021, Athena filed an Amended Complaint [Doc. No. 10] alleging that Smith breached his severance agreement by retaining, reviewing, and copying the contents of a hard drive; and that Smith's new employer, Defendant RE Construction, which is alleged to be a competitor of Athena, had access and benefited from the contents of the hard drive. Am. Compl. ¶ 28-31, 40. Based on these core allegations, Athena brought claims against Defendants pursuant to 18 U.S.C § 1030 *et seq.*, Computer Fraud and Abuse Act (Count I); Va. Code § 18.2-152.3, Computer Fraud (Count II); Va. Code § 18.2-152.4, Computer Trespass (Count III); Va. Code § 18.2-152.5, Computer Invasion of Privacy (Count IV); Va. Code § 59.1-336 *et seq.*, Virginia Uniform Trade Secrets Act ("VUTSA") (Count V); Va. Code § 18.2-499 and § 18.2-500, Business Conspiracy (Count VI); and common law conspiracy (Count VII).

On April 30, 2021, Defendants filed a Motion to Dismiss [Doc. No. 15], which the Court granted following a hearing on June 2, 2021 [Doc. No. 35]. In that regard, the Court concluded that that while "the Court is obligated to construe the factual allegations in the complaint in a light most favorable to the plaintiff . . . [i]t's not, however, required to accept conclusory allegations[,]" [Doc. No. 36] at 33, and that the complaint did not "plausibly allege[] the information was utilized as trade secrets or gave any kind of competitive advantage. Again, this is pretty threadbare conclusory types of allegations . . . [and] the allegations are too conclusory to establish there were trade secrets or that either of the defendants misappropriated those as required under the statute." *Id.* at 36.

On June 16 and 18, 2021, Defendant RE Construction filed Motions for Attorney Fees [Doc. Nos. 37, 39] pursuant to Federal Rule of Civil Procedure 11 and Virginia Code § 8.01-271.1(B),[2]

---
[2] Defendants mistakenly cited to "Virginia Code § 8.07-271.1(B)."

which was opposed [Doc. Nos. 42, 44] (the "Opposition" or "Opp'n"). A hearing was held on the Motion on August 25, 2021, following which the Court took the Motion under advisement.[3]

On June 30, 2021, Plaintiff appealed the Court's June 2, 2021 Order granting Defendants' Motion to Dismiss [Doc. No. 35]. On October 14, 2022, after *de novo* review, the Fourth Circuit dispensed with oral argument and affirmed this Court's June 2, 2021 Order granting Defendants' Motion to Dismiss. [Doc. No. 56]. On November 7, 2022, the Fourth Circuit issued its mandate. [Doc. No. 58].

## II.   LEGAL STANDARD

### A. Federal Rule of Civil Procedure 11

Under Fed. R. Civ P. 11, a litigant presenting a pleading to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," a pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law." A Rule 11(b)(3) violation is found "where there is no factual support for the asserted claims." *Abbott v. Suntrust Mortg., Inc.*, 2009 WL 971267, at *4 (E.D. Va. Apr. 8, 2009). In short, the basic requirement of Rule 11 is that an attorney must perform a "prefiling investigation of law and fact which is objectively reasonable under the circumstances." *Johnson v. Lyddane*, 368 F. Supp. 2d 529, 532 (E.D. Va. 2005).

Federal Rule of Civil Procedure 11 also "imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition

---

[3] The parties also filed supplemental information as instructed by the Court within seven days of the hearing. [Doc. Nos. 49, 51]. In response, Plaintiff filed a pending Motion to Strike Defendants' Supplemental Brief in Support of their Motion for Attorneys' Fees [Doc. Nos. 52, 53] (the "Motion to Strike") on the grounds that Defendant's supplemental brief was too long, failed to identify dates, and introduced additional facts that should not be before the Court. *See also* [Doc. No. 54] (the Memorandum in Opposition to Plaintiff's Motion to Strike). Upon review of the Motion to Strike, the Plaintiff's Motion to Strike is denied.

of the requested sanctions." *Brickwood Contractors, Inc. v. Datanet Eng'g Inc.*, 369 F.3d 385, 389 (4th Cir. 2004). In that regard, "[t]he party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." *Id.* (emphasis added). *See also Navy Fed. Credit Union v. LTD Fin. Servs., L.P*, 2019 WL 2203128, at *6 (E.D. Va. May 3, 2019), *report and recommendation adopted sub nom. Navy Fed. Credit Union v. LTD Fin. Servs., L.P*., 2019 WL 2193854 (E.D. Va. May 21, 2019) ("Accordingly, a party moving for sanctions must at least serve its Rule 11 sanctions motion on an opposing party at an early enough stage so as to afford the opposing party the entire twenty-one day safe harbor period." (citing Brickwood, 369 F.3d at 389)); *Navy Fed. Credit Union*, 2019 WL 2203128, at *4 n.4 (citing *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("It would therefore wrench both the language and purpose of the amendment to [Rule 11(c)(1)(A)] to permit an informal warning to substitute for service of a motion."); *Hamlin v. TD Bank*, 2014 WL 3101942, at *3 n.2 (W.D.N.C. July 7, 2014) (holding that counsel's "letter threatening to file a motion for Rule 11 sanctions" did not "trigger the safe harbor provision")). The twenty-one-day safe harbor period "begins to run only upon service of the motion" on the allegedly offending party. Fed. R. Civ. P. 11(c)(2) advisory committee's note to 1993 amendment.

When evaluating whether legal or factual contentions are supported by law, the court must examine the pleading under an objective reasonableness standard. *See Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002). The party moving for Rule 11 sanctions has the burden of proving a violation of Rule 11; once that burden is met, it shifts to the responding party to prove that his conduct was reasonable. *Moseley v. Gardiner*, 2021 WL 3629230, at *4 (E.D. Va. July 16, 2021), *report and recommendation adopted*, 2021 WL 3618271 (E.D. Va. Aug. 16, 2021).

Sanctions are mandatory if the court finds that there was no objectively reasonable basis for the claims; however, "the determination of what [sanction] is 'appropriate' is still a matter left to the sound discretion of the district court." *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987).

### B. Virginia Code § 8.01-271.1

Virginia's "good faith" statute authorizes courts to issue sanctions, including attorney fees, when a plaintiff brings claims that are not well grounded in fact and are brought for improper purposes. Va. Code § 8.01-271.1. Specifically, it states that

> [t]he signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Va. Code § 8.01-271.1(B).

An attorney or litigant's "failure to comply with any one of these statutory requirements invokes the sanctions provisions of the statute." *Kambis v. Considine*, 290 Va. 460, 467 (Va. 2015) (quoting *Williams & Connolly, LLP v. People for the Ethical Treatment of Animals, Inc.*, 273 Va. 498, 510 (Va. 2007) (affirming an award of sanctions solely on the basis of an improper purpose)). Additionally, the Supreme Court of Virginia has directed that an award of sanctions is determined under an "objective standard of reasonableness" and that pursuant to that standard, Courts are to consider whether "after reasonable inquiry, [counsel] could have formed a reasonable belief that the pleading[s] [were] well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and not interposed for an improper purpose." *Williams & Connolly, L.L.P.*, 273 Va. at 510–11.

5

### III. ANALYSIS

#### A. Sanctions Pursuant to Federal Rule of Civil Procedure 11

Defendant argues that it has complied with the twenty-one day notice requirement pursuant to Rule 11(c) because on March 31, 2021 and May 4, 2021, "counsel for Defendants emailed counsel to Plaintiff advising Athena of Defendants' intent to seek Rule 11 sanctions if the case was not withdrawn." Mot. at 8-9. Defendant did not serve on Plaintiff a separate motion for sanctions under Rule 11 before Defendant filed the Motion on June 18, 2021. Defendant's request for sanctions under Rule 11 is therefore denied.[4]

#### B. Sanctions Pursuant to the VUTSA (§59.1-338.1)and Virginia Code § 8.01-271.1

Defendant RE Construction seeks attorneys' fees under the VUTSA and Va. Code § 8.01-271.1 on the grounds that Plaintiff Athena filed its Complaint under the VUTSA "without having conducted a reasonable inquiry into the truth of its allegations and for pursuing this lawsuit for improper purposes."[5] Mot. at 3, 9. Plaintiff opposes the Motion on the grounds that (1) it did not file the Amended Complaint in bad faith, (2) VUTSA does not automatically entitle Defendant RE Construction to an award of fees, and (3) Defendant has not met the standard for attorneys' fees pursuant to VUTSA because Defendant RE Construction has not identified the attorneys' fees sought or their reasonableness. Opp'n at 4-11.

---

[4] In support of its position that its e-mail notice satisfied Rule 11's notice requirement, Defendant cites to *Schnader Harrison Segal & Lewis LLP v. Hershey*, No. 1:12-cv-928, 2013 WL 12099323, at *1, n.1 (E.D. Va. Aug. 14, 2013), which found "a letter addressed to the opposing party … satisfied the twenty-one day notice requirement (also known as the "safe harbor" provision) under Fed. R. Civ. P. 11(c)(2)." *Id.* It does not appear, however, that the notice requirement was at issue.

[5] While neither the Fourth Circuit or the Supreme Court of Virginia has spoken definitively on the standard to be applied in awarding attorneys' fees under the VUTSA, courts appear to apply the "objectively reasonable standard" applicable to an award of attorneys' fees under Va. Code § 8.01-271.1 to an award of attorneys' fees under the VUTSA, *see Akira Techs., Inc. v. Conceptant, Inc.*, 773 Fed. Appx. 122, 125 (4th Cir. 2019 (quotation and citation omitted); *Tryco, Inc. v. U.S. Med. Source, L.L.C.*, 80 Va. Cir. 619, at *8 (Va. Cir. Ct. Aug. 3, 2010) (citation omitted); and for that reason, the Court will not engage in a separate analysis under VUTSA.

This Court, and other federal courts, have previously granted sanctions under Virginia Code § 8.01-271.1(B) when a complaint was initially filed in Virginia state court, as is the case here. *See, e.g.*, *Gibson v. City of Alexandria*, 855 F. Supp. 133, 136 (E.D. Va. June 13, 1994); *Payman v. Lee County Community Hosp.*, No. 2:04-cv-17, 2005 WL 735886, at *2, n.1 (W.D. Va. Mar. 31, 2005) ("Moreover, this court may enforce the Virginia sanctions provision contained in Va. Code Ann. § 8.01-271.1"); *see also Lewin v. Cooke*, 28 F. App'x 186, 197 (4th Cir. 2002) (finding in a case where the state proceedings were removed to federal court that the "standard for recovering attorneys' fees under Virginia state law [citing Virginia Code § 8.01-271.1] is analogous" to other federal rules permitting attorneys' fees).[6] As it has in the past, the Court concludes that it may enforce sanctions pursuant to Virginia Code § 8.01-271.1 under the circumstances of this case; and the Court must assess whether Plaintiff brought this action in bad faith because it failed to conduct a reasonable inquiry into the truth of its allegations or pursued this suit for improper purposes of harassing and retaliating against Smith.

Plaintiff terminated Defendant Smith on January 18, 2016. Am. Compl. ¶ 19; [Doc. No. 16] at 5. According to the Amended Complaint, Plaintiff's allegations are based on the forensic analysis report, which found that (1) the hard drive did not originate from Athena; (2) the hard drive contained over 13,000 Athena files; and (3) Athena's files were copied to the hard drive from an external source on January 25, 2016 and February 15, 2016. Am. Compl. ¶ 32(a)-(c). Additionally, Athena filed trade-secret claims against Defendant RE Construction for conspiring with Smith to obtain and use the information. Central to Plaintiff's claim is that the data on the hard drive was copied to the hard drive after Defendant Smith left Plaintiff's employment and to do that he must

---

[6] Under the *Erie* doctrine and its progeny, federal courts apply federal law to procedural matters and state law to substantive matters. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938). Here, the Virginia statutory provision advanced by Defendant for attorneys' fees is applicable in this case because it addresses the substantive duties and obligations of the parties with respect to their claims. Moreover, because there is no "direct collision" between the federal and state rules, and the federal rule covers the point in dispute, "*Erie* commands the enforcement of state law." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 (1980).

7

have without authorization accessed Plaintiff's computers. In disputing this claim, Defendant points to the forensic analysis report Plaintiff relies upon, which states only that the "the hard drive was *accessed* between January 25, 2016 and April 2, 2018," not that it was downloaded post-termination *Id*. ¶ 16-17; [Doc. No. 37-3] at 4. Additionally, Defendant argues that there was no evidence that Defendant RE Construction engaged in any illegal conduct. Mot. at 7.

Nothing in the record supports Plaintiff's claims that after his termination Defendant Smith accessed Plaintiff's computer and copied the hard drive. *See* [Doc. No. 37-3] at 4 ("My analysis located artifacts demonstrating that the hard drive was *accessed* between January 25, 2016 and April 2, 2018.") (emphasis added). Moreover, other than the relationship between Defendants Smith and RE Construction, Plaintiff has not alleged or proffered any evidence to support its conspiracy-related allegations against RE Construction. As such, the Court finds that the claims against Defendant RE Construction lacked any objectively reasonable basis and Defendant RE Construction is entitled to recovery its attorneys' fees under Va. Code § 8.01-271.1 and the VUTSA. *Cf. Trident Perfusion Assocs., Inc. v. Lesnoff*, 121 F.3d 700 (4th Cir. 1997) ("Although the term "bad faith" has not been construed by any Virginia court in the context of the attorneys' fees provision of the Act, we see no reason to believe that the Virginia Supreme Court would abandon its well-established practice of determining "bad faith" by an objective reasonableness standard.").[7]

### IV. CONCLUSION

For the above reasons, it is hereby

**ORDERED** that Defendant RE Construction's Motion for Attorney Fees [Doc. Nos. 37, 39] be, and the same hereby is, **GRANTED** as to sanctions under VUTSA and Virginia Code § 8.01-271.1 and is otherwise denied; and it is further

---

[7] Given the Court's ruling based on bad faith, there is no need to rule on whether fees are justified based on the improper purpose of harassing and retaliating against Smith, although there appears to be a colorable basis for an award on those grounds, given the multiple court proceedings Plaintiff instituted against Smith after Smith filed his *qui tam* action.

**ORDERED** that Defendant RE Construction submit its attorney fees application, with supporting affidavits and time records, within twenty (20) days of the date of this Order; and it is further

**ORDERED** that Defendant RE Construction respond to Plaintiff's opposition to Bill of Costs [Doc. No. 44] at the same time it submits its attorney fees application; and it is further

**ORDERED** that parties meet and confer within thirty (30) days of Defendant's submission of its fee application; and that any disputed attorney fees be submitted to the Court for resolution within fifteen (15) days of the meet and confer; and it is further

**ORDERED** that Plaintiff's Motion to Strike [Doc. No. 51] be, and the same hereby is, **DENIED**.

The Clerk is directed to forward a copy of this Order to all counsel of record.

Alexandria, Virginia
January 20, 2023

Anthony J. Trenga
Senior U.S. District Judge