IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| ATHENA CONSTRUCTION GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:21-cv-00396 (AJT/LRV) |
| WILLIAM SMITH, III, *et al.*, | ) ) ) | |
| Defendants, | ) ) | |

**ORDER**

Before the Court is Defendant RE Construction's Application for Award of Reasonable Expenses, Attorneys' Fees, and Costs, [Doc. No. 67] (the "Application"), the memorandum in support thereof, [Doc. No. 67-1], and in opposition thereto, [Doc. No. 69]. The Court previously granted RE Construction's request for attorneys' fees, without calculating a specific amount until the benefit of additional briefing, [Doc. No. 59] at 8; Plaintiff appealed that Order, [Doc. No. 60]; and the Fourth Circuit dismissed the appeal for lack of jurisdiction since an order that does "not set the amount of attorney fees to be awarded . . . is not a final appealable order." The Parties have filed supplemental briefing and related billing statements, and upon consideration of the Application, the filings, and the record in this case, and for the reasons stated below, the Application is **GRANTED** with an award of $31,151 in attorneys' fees awarded to RE Construction, and the Application is otherwise **DENIED**.[1]

---

[1] The Court will address Defendants' Bill of Costs and Plaintiff's opposition thereto in a forthcoming Order.

1

## I. BACKGROUND

On January 20, 2023, the Court granted RE Construction's Motion for Attorney Fees and ordered that RE Construction submit its attorney fees application. [Doc. No. 59]. On January 21, 2025, RE Construction timely filed its application requesting $302,967.90 in attorneys' fees for work completed by three law firms, the Law Office of Jeffrey J. Downey; Glenn Ellis Law, PLLC; and Baron & Budd, P.C. [Doc. No. 67] at 3. The lawyers at these firms have represented both Defendant Smith and Defendant RE Construction, describing their roles as follows: Downey "served as local counsel," *id.* at 3; Ellis "served as lead counsel," *id.*; Catherine Dorsey of Baron & Budd, P.C. "took the lead in successfully opposing the two appeals that Athena filed in this case," *id.* at 3–4; while Andrew Miller and Kenneth Capesius of Baron & Budd, P.C. "took on significant responsibilities while coordinating with Ellis to prepare the motions to dismiss" and prepared RE Construction's fee application and associated briefing. *Id.* at 4. The hours expended by the respective firms largely align with their alleged level of involvement, specifically, local counsel expended the fewest hours on the case (11.7 hours), lead counsel expended significantly more hours (133.9 hours), and the lawyers who handled the appeal and fees issues expended a great deal of time (242.3 hours). *See* [Doc. Nos. 67-3, 67-4, 67-5].

In accordance with this Court's Order, the Parties met and conferred after RE Construction submitted its fee application and then filed their undisputed and disputed attorney fees for the Court's review. *See* [Doc. Nos. 72, 73]. Having received those submission and complete briefing, the calculation of attorney fees is ripe for consideration.

## II. LEGAL STANDARD

Where attorneys' fees are awarded under Virginia Code § 8.01-271.1, the court "shall impose . . . an appropriate sanction, which may include an order to pay to the other party . . . the amount of the reasonable expenses incurred *because of the filing of the pleading* . . . including

2

reasonable attorney fees." *AV Auto., LLC v. Gebreyessus*, 301 Va. 321, 334 (2022) (emphasis added). To that end, the court must "segregate the attorney's fees incurred due to sanctionable conduct from the fees incurred for non-sanctionable conduct." *Id.* That reasonable award should serve "[t]he primary objective under Va.Code § 8.01–271.1 . . . to deter lawyers from abusing the court process in the future." *Hernandez v. Trawler Miss Vertie Mae, Inc.*, 41 Va. Cir. 171 (1996).

To calculate the reasonable amount of attorney fees to be awarded under § 8.01-271.1, the court considers, among other factors, (i) "the time and effort expended by the attorneys," (ii) "the nature, complexity, and value of the services," (iii) "the result of the case," (iv) "whether the fees were consistent with those generally charged for similar services," and (v) "whether the services were necessary and appropriate." *N. Va. Real Est., Inc. v. Martins*, 80 Va. Cir. 478 (2010), *aff'd*, 283 Va. 86 (2012) (quoting *Chawla v. Burgerbusters, Inc.*, 255 Va. 616, 623 (1998)). Unreasonable fees include "instances of duplicative and excessive billing." *Martins*, 283 Va. at 118. Additionally, in calculating the appropriate "lodestar," the Court may assess the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974):

> (1) the time and labor expended;
> (2) the novelty and difficulty of the questions raised;
> (3) the skill required to properly perform the legal services rendered;
> (4) the attorneys' opportunity costs in pressing the instant litigation;
> (5) the customary fee for like work;
> (6) the attorneys' expectations at the outset of the litigation;
> (7) the time limitations imposed by the client or circumstances;
> (8) the amount in controversy and the results obtained;
> (9) the experience, reputation and ability of the attorney;
> (10) the undesirability of the case within the legal community in which the suit arose;
> (11) the nature and length of the professional relationship between attorney and client; and
> (12) attorneys' fees awards in similar cases.

*Id.*; s*ee also McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013).

### III.     DISCUSSION

This action was removed to this Court on March 3, 2021, [Doc. No. 1], and was dismissed on June 2, 2021, [Doc. No. 35]. Accordingly, this case was litigated for a total of three months before its dismissal for failure to state a claim against either Defendant, followed by both Defendants' request for attorneys' fees and costs on June 16 and 18, 2021, [Doc. Nos. 37, 39]; Plaintiff's appeal of the Court's dismissal to the Fourth Circuit on June 30, 2021, [Doc. Nos. 45, 46]; the Fourth Circuit's affirmance on November 7, 2022, [Doc. No. 58]; the Court's award of attorneys' fees as to RE Construction, but not Defendant Smith, on January 20, 2023, [Doc. No. 59]; Plaintiff's premature appeal of that attorneys' fee order on January 24, 2023, [Doc. No. 60]; the dismissal of that appeal on December 6, 2024, [Doc. No. 63]; the subsequent filing of Defendants' specific requests for fees and costs, and Plaintiff's response thereto, [Doc. Nos. 67, 69, 72]; and the Parties' inability to resolve the issue of fees and costs. *See* [Doc. No. 73].

RE Construction requests $302,967.90 in attorneys' fees and $930.85 in costs. In opposing RE Construction's requested attorneys' fees and costs, Plaintiff argues that: (A) the award should exclude appellate fees; (B) the award should be limited to fees incurred by RE Construction, not Smith; and (C) the award should be reduced because of RE Construction's failure to maintain accurate, contemporaneous records. [Doc. No. 69] at 4–8. Each argument is addressed in turn.

A.   <u>Whether to enhance the lodestar to award appellate or "punitive" fees</u>

Plaintiff argues that RE Construction may only be awarded fees incurred in connection with the motion to dismiss and motion for attorney fees, excluding any fees incurred in connection with Plaintiff's appeals, because the Court did not adjudicate the appeals to be sanctionable under Section 8.01-271.1. [Doc. No. 69]; *see also AV Auto., LLC*, 301 Va. at 334. As set forth in this Court's January 20, 2023 Order, [Doc. No. 59], the sanctioned conduct was the filing of an action where the "claims against Defendant RE Construction lacked any objectively reasonable basis,"

4

establishing that Plaintiff either "brought this action in bad faith because it failed to conduct a reasonable inquiry into the truth of its allegations or pursued this suit for improper purposes of harassing and retaliating against Smith." *Id.* at 7–8. Accordingly, the Court granted RE Construction and Smith's motion to dismiss on June 2, 2021, and granted the related motion for attorney fees on January 20, 2023. In the intervening months, Plaintiff appealed this Court's Order granting the motion to dismiss, [Doc. No. 45], and appealed the Order granting attorneys' fees and costs, [Doc. No. 60], with the Fourth Circuit, respectively, affirming and dismissing for lack of jurisdiction. [Doc. Nos. 56, 63].

As reflected above, the Court has awarded attorney fees and costs that RE Construction incurred in connection with the filing of this action, and the fees incurred by RE Construction in connection with the two appeals taken in this action are within the scope of the Court's fee award. Nevertheless, as discussed below, the Court cannot determine based on the submissions what fees and costs were incurred in connection with those appeals that are attributable solely to RE Construction, and accordingly, the hours Ellis and Baron & Budd expended on the appeals will be excluded from the lodestar calculation. *See* [Doc. Nos. 67-3, 67-4].

B. <u>Segregating fees incurred by Defendant Smith and Defendant RE Construction</u>

Plaintiff contends that the only statements "produced to support this fee motion demonstrate that none of the firms involved made any effort to bill each client individually," making it unfeasible to determine what attorney fees were incurred solely by RE Construction. [Doc. No. 69] at 5. Relatedly, Plaintiff claims that identical fees "have been put before two different courts on behalf of two different clients simultaneously" casting doubt on whether the "387.9 total hours" counsel claims to have expended on this matter represents work done *solely* in support of RE Construction or whether it includes work done on behalf of Defendant Smith in the

5

distinct *qui tam* action pending in the United States District Court for the District of Columbia. *Id.* at 15.

The billing statements at issue are affixed as Exhibits C, D, and E to the Application. *See* [Doc. Nos. 67-3, 67-4, 67-5]. Those statements reflect that the Law Office of Jeffrey J. Downey, Glenn Ellis Law, PLLC, and Baron & Budd, P.C. expended 387.9 hours on this matter, but only *one entry* differentiates between work done for Defendant Smith as opposed to Defendant RE Construction. *See* [Doc. No. 67-3] at 1. Likewise, the two attorney declarations submitted by plaintiff's counsel, Dorsey and Ellis, make no attempt to identify whether the listed fees are attributable to only RE Construction. *See* [Doc. Nos. 67-1, 67-2]. Notwithstanding these shortcomings, Plaintiff has not objected to the 11.7 hours billed by local counsel Downey and to the 54.2 hours billed by lead counsel Ellis, (*i.e.*, no objection to 65.9 of the 387.9 hours). *See* [Doc. Nos. 73-3, 73-4, 73-5]. Accordingly, although it appears that RE Construction's counsel has failed to maintain contemporaneous and detailed records that allows the Court to segregate fees that were incurred solely as to RE Construction, and would not have been otherwise incurred, the Court will consider only the undisputed 65.9 hours of time expended on this matter for the lodestar calculation.

C. Calculating reasonable attorneys' fees and costs related to sanctioned conduct pursuant to Section 8.01-271.1

To calculate the lodestar amount, the Court applies the *Johnson* and *Chawla* factors to determine the reasonable hourly rate and the number of hours expended because of the conduct that was sanctioned under Section 8.01-271.1. *See AV Auto., LLC*, 301 Va. at 334. With respect to the reasonable number of hours, the Court will only consider the undisputed 65.9 hours for the reasons previously stated and separately concludes that expenditure of time is reasonable given the

early resolution of this case at the motion to dismiss phase, the uncomplicated legal issues involved, the nature of the claims, and the limited issues presented in the two appeals.

Next, to determine the reasonable rates for the work performed, the Parties dispute whether any fees have been paid to date, whether historical or current rates should be applied, and whether expert testimony is necessary. [Doc. No. 69] at 17–21. However, those disputes are immaterial since the "proper measure of the hourly rate is the prevailing market rate in the relevant market where the court sits and not necessarily the rate charged by the attorney." *Hernandez v. Trawler Miss Vertie Mae, Inc.*, 41 Va. Cir. 171 (1996). The court finds that the *Vienna Metro* Matrix, not the *Laffey Matrix*, should apply to this case. *See Burke v. Mattis*, 315 F. Supp. 3d 907, 913 (E.D. Va. 2018); *Entegee, Inc. v. Metters Indus., Inc.*, No. 1:17-CV-499-CMH-MSN, 2018 WL 3472819, at *2 (E.D. Va. July 19, 2018) (citing *Vienna Metro LLC v. Pulte Home Corp.*, 786 F. Supp. 2d 1090 (E.D. Va. 2011) (ranging from $250 to $820 hourly rate)).

As set forth in the Parties' declarations and exhibits, Downey's legal assistant charged $100 per hour for their 3.0 billed hours, which is a reasonable hourly rate for a paralegal. *See Route Triple Seven Ltd. P'ship v. Total Hockey, Inc.*, 127 F. Supp. 3d 607, 620 (E.D. Va. 2015) (approving $120/hour fee for paralegal work). Further, the Court finds that Downey's $400/hour rate is also reasonable, as it is slightly below the *Vienna Matrix* for individuals with 20+ years of experience and because Downey did not serve as lead counsel in the case and had a more limited role in the case, this warrants a downward departure under *Johnson*. *See Burke*, 315 F. Supp. 3d at 913. Finally, Downey's requested $650/hour rate is within the *Vienna Matrix* range, but the Court finds that an hourly rate on the lower end of the *Vienna Matrix* is warranted because Ellis only recently became eligible for the 20+ years of experience category of the *Vienna Matrix*, and in light of the fact that this matter was dismissed relatively early in litigation and did not involve

complex legal theories, thereby warranting a reduction under *Johnson*. In sum, the Court finds that $505/hour is a reasonable hourly fee for Ellis.

Based on all the relevant facts and circumstances, the Court therefore awards attorneys' fees and costs in the amount of $31,151 ($300 for Downey's legal assistant; $3,480 for Downey; and $27,371 for Ellis). Accordingly, it is hereby

**ORDERED** that the Application, [Doc. No. 67] be, and the same hereby is, **GRANTED** in part and **DENIED** in part; and Defendant RE Construction is hereby awarded $31,151 in attorneys' fees, and that judgment in the total amount of $31,151 be, and is hereby, entered in favor of RE Construction and against Plaintiff Athena Construction Group, Inc.

The Clerk is directed to forward copies of this Order to all counsel of record.

Alexandria, Virginia
August 28, 2025

/s/
Anthony J. Trenga
Senior United States District Judge